[606 NYS2d 322]

In the Matter of JOSEPH M. MATTONE, JR., an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, January 10, 1994

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn *(Diana J. Szochet* and *Robert J. Saltzman* of counsel), for petitioner.

*Pliskin, Rubano & Baum,* Flushing *(Joseph A. Baum* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the Special Referee sustained five charges of professional misconduct against the respondent. The petitioner now moves to confirm the report of the Special Referee to the extent that it sustained five charges of professional misconduct and to disaffirm to the extent that it failed to sustain a sixth charge. The respondent cross-moves to (1) confirm the report of the Special Referee to the extent that it failed to sustain Charge Six, (2) disaffirm the report to the extent that it sustained the other five charges, (3) remit this matter to the Grievance Committee for the Second and Eleventh Judicial Districts for resolution, and (4) dismiss all of the charges in their entirety, along with the verified complaint.

Charge One alleged that the respondent improperly misappropriated client funds to his own use. Between December 15, 1988 and February 15, 1990, the respondent maintained an interest bearing account located at Republic National Bank, entitled "Joseph Mattone, Jr., Escrow Account." The respondent retained, for his personal use, the interest earned on client funds which were on deposit in his escrow account.

Charge Two alleged that the respondent failed to properly safeguard client funds entrusted to him. The respondent authorized his secretary, a nonattorney, to sign her name to checks drawn on his escrow account at Republic National Bank.

Charge Three alleged that the respondent failed to maintain required bookkeeping records pertaining to client funds entrusted to him. The respondent failed to keep or maintain a ledger book or similar record for his escrow account, showing the source of all funds deposited, the names of the persons for whom the funds were held, the amount of such funds, the charges or withdrawals, and the names of all persons to whom the funds were disbursed.

Charge Four alleged that the respondent engaged in an impermissible conflict of interest. The respondent was retained to represent a client on or about December 21, 1988 in connection with a privately funded bridge loan related to the client's construction of two homes in Bayside, Queens. The respondent arranged for his father, Joseph M. Mattone, Sr., to

make the loan to the client. On or about December 28, 1988, the respondent deposited $250,000 into his escrow account. This sum represented the proceeds of the loan from his father to the client. Between December 28, 1988 and April 4, 1989, the respondent disbursed the proceeds of the loan, including monthly loan payments to his father. Acting on behalf of his father, the respondent initiated a foreclosure action against his client on or about May 25, 1989. That action was based upon Mr. Conte's purported failure to make monthly loan payments to the respondent's father from "February 1989 to date".

Charge Five alleged that the respondent compromised his loyalty to a client and created an appearance of impropriety. On or about January 13, 1989, the respondent, as attorney for the client who was the subject of Charge Four, deposited $86,500 into his escrow account at Republic National Bank. This represented a down payment on real property which the client was selling. In or about March 1989 Mattone Group Construction, a concern operated by the respondent's brother, became employed on the client's construction project at the respondent's suggestion. Between April 17, 1989 and May 8, 1989, the respondent disbursed $30,000 of the $86,500 down payment to Mattone Group Construction.

On or about May 19, 1989, the respondent, as attorney for the client, received an additional $758,249, representing proceeds from the sale of the real property. On May 19, 1989, the respondent entered into an escrow agreement with the purchasers to retain $100,000 of the $758,249 in escrow, pending completion of construction at the subject premises by Mattone Group Construction. The respondent signed the escrow agreement as vice-president of Mattone Group Construction. His client did not sign the agreement.

After reviewing all of the evidence adduced, we are in agreement with the report of the Special Referee. We find the respondent guilty of the professional misconduct alleged in Charges One through Five. Accordingly, the petitioner's motion to confirm in part and disaffirm in part is granted only to the extent that Charges One through Five are sustained. The respondent's cross motion is granted only to the extent of confirming the Special Referee's failure to sustain Charge Six and is denied in all other respects.

In determining an appropriate measure of discipline to be imposed, we have considered the respondent's youth and

inexperience at the time of his indiscretions, his previously unblemished record, his cooperation throughout this proceeding, the complainant's threat that unless the respondent's father forgave an outstanding $250,000 bridge loan, which the respondent had arranged, a complaint against the respondent would be made to the Grievance Committee, the complainant's failure to testify at the hearing, and the remorse expressed by the respondent. The respondent testified before the Special Referee that he had used the interest on the escrow funds to pay for the planting of trees along the Cross Island Parkway on behalf of his client, who had destroyed existing trees during building operations. Moreover, no harm resulted to anyone, other than the respondent's immediate family, by virtue of his misconduct. Under the circumstances, the respondent is censured.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and BALLETTA, JJ., concur.

Ordered that that branch of the petitioner's motion which was to confirm so much of the report of the Special Referee sustaining Charges One through Five is granted, and the motion is otherwise denied; and it is further,

Ordered that that branch of the respondent's cross motion which was to confirm so much of the report of the Special Referee as failed to sustain Charge Six is granted, and the cross motion is otherwise denied; and it is further,

Ordered that the respondent, Joseph M. Mattone, Jr., is censured for his misconduct.